FILED
Case:12-06020-JSD Doc#:20 Filed:02/05/13 Entered:02/05/13 Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By arowe at 10:37 am, Feb 05, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | NUMBER 12-60371 |
| JEFFERY A. MAY | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| PIONEER CONSTRUCTION, INC. | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | NUMBER 12-06020 |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFERY A. MAY | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER STRIKING DEFENSE OF FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This matter is before me on the affirmative defense of failure to state a claim upon which relief can be granted pled by debtor Jeffery A. May to the complaint of plaintiff Pioneer Construction, Inc. ("Pioneer"). A hearing was held on December 10, 2012, after which I took the matter under advisement. Since Pioneer has sufficiently pleaded an injury inflicted by Debtor with willful and malicious intent, Pioneer has stated a claim

AO 72A

upon which relief can be granted under 11 U.S.C. § 523(a)(6). Accordingly, Debtor's affirmative defense is overruled and stricken.

### FINDINGS OF FACT

Debtor filed a chapter 7 petition for bankruptcy relief on July 10, 2012. (Case Dkt. No. 1.)[1] In that petition, Debtor listed Pioneer as one of his creditors. (Id. at page 14.) On September 7, 2012, Pioneer filed this adversary proceeding alleging in its complaint ("Complaint") that its debt should be declared non-dischargeable under 11 U.S.C. § 523(a)(6). (A.P. Dkt. No. 1.) In response, Debtor filed his answer ("Answer") defending partially on the ground that the Complaint failed to state a claim upon which relief could be granted, presumably under rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (A.P. Dkt. No. 7.) After hearing the parties' positions on December 10, 2012, I took the matter under advisement. (A.P. Dkt. No. 16.) The parties submitted briefs on December 28, 2012 and January 9, 2013. (A.P. Dkt. No. 18; A.P. Dkt. No. 19.)

---

[1] References to the docket of the underlying chapter 7 case appear in the following format: "Case Dkt. No. ___." References to the docket of this adversary proceeding appear in the following format: "A.P. Dkt. No. ___."

[2] Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable in this adversary proceeding by Bankruptcy Rule 7012(b).

2

## CONCLUSIONS OF LAW

### I. Legal Standard Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro. Rule 8(a)(2) (made applicable in this case by Bankruptcy Rule 7008). "Rule 8's pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))(internal quotation marks omitted). Thus, "[a] complaint that provides labels and conclusions or a formulaic recitation of the elements of a cause of action is not adequate to survive a Rule 12(b)(6) motion to dismiss." Chaparro, 693 F.3d at 1337 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))(internal quotation marks omitted).

Dismissal for failure to state a claim is appropriate if the facts as pled, taken as true, fail to state a claim for relief that is plausible on its face. Stringer v. Doe, No. 12-10119, 2013 WL 163833, at *2 (11th Cir. Jan. 15, 2013)(citing Iqbal, 556 U.S. at 678). "A claim has facial plausibility when

3

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly. 550 U.S. at 556).

## II. The Complaint States a Claim upon which Relief Can be Granted under 11 U.S.C. § 523(a)(6)

"Section 523(a)(6) excepts from discharge in bankruptcy any debt that results from 'willful and malicious injury by the debtor to another entity or to the property of another entity.'" In re Jennings, 670 F.3d 1329, 1333 (11th Cir. 2012)(citing 11 U.S.C. § 523(a)(6)); see also In re Walker, 48 F.3d 1161, 1163 (11th Cir. 1995). Thus, in order to avoid a dismissal for failure to state a claim under this section, a plaintiff must plead facts, which taken as true, allow the court to draw the reasonable inference that (1) there was injury to another entity or to the property of another entity; (2) the injury was inflicted by the debtor; and (3) the debtor inflicted the injury willfully and maliciously. 11 U.S.C. § 523(a)(6). The allegations in Pioneer's Complaint allow me to infer all three.

First, the following allegations in the Complaint, taken as true, plausibly establish that there was injury to another entity or to the property of another entity:

4

AO 72A

> 2. Debtor is the Chief Executive Officer and Chief Financial Officer of May Specialty Fabricators, Inc. ("MSF").
>
> 3. On or about May 15, 2008, [P]laintiff entered into a contract with Georgia Ports Authority, as General Contractor on a project to provide construction materials and labor to real property owned by Georgia Ports Authority and known as Container Berth Eight Reefer Racks, Garden City, Georgia ("the Project").
>
> 4. Pursuant to [P]laintiff's contract with [Georgia Ports Authority], [P]laintiff posted a payment bond for the Project.
>
> 5. Plaintiff entered into a subcontract with MSF who in turn entered into a sub-sub-contract with The Haskell Company ("Haskell").
>
> 6. Plaintiff paid MSF the full value of the contract between [P]laintiff and MSF.
>
> 7. At the specific instance and direction of [D]ebtor, MSF failed to pay Haskell for the work Graybar [not identified elsewhere in the Complaint] performed on the Project, instead converting the payments to [D]ebtor's own use.
>
> 8. As a result, Haskell filed suit against [P]laintiff and the surety of the payment bond posted on the Project, seeking recovery from the bond. Haskell was awarded a judgment against [P]laintiff in the principal amount of $222,004.00, plus pre- and post-judgment interest, in settlement of which the [P]laintiff paid Haskell $200,000.00.

(A.P. Dkt. No. 1 ¶¶ 2-8.)

Together, these allegations give an account of how Pioneer paid subcontractor MSF for the subcontracted work ("Payment"), and how MSF failed to compensate its own subcontractor, Haskell, from that Payment. As a result, Haskell

5

sued Pioneer and the sureties, and Pioneer had to pay $200,000.00. Taken as true, these factual allegations lead to the reasonable inference that Pioneer was injured both by the expense of the lawsuit and by having to make a payment for which it was not responsible. Therefore, Pioneer has sufficiently pled injury under § 523(a)(6).

Pioneer has also sufficiently pled that the injury was inflicted by the Debtor with the following allegations:

> 2. Debtor is the Chief Executive Officer and Chief Financial Officer of May Specialty Fabricators, Inc. ("MSF").
>
> . . . .
>
> 7. At the specific instance and direction of [D]ebtor, MSF failed to pay Haskell for the work Graybar performed on the Project, instead converting the payments to [D]ebtor's own use.

(A.P. Dkt. No. 1 ¶¶ 2, 7.) These allegations state that Debtor was an officer of the corporation that injured Pioneer and that Debtor actively participated in shirking the company's responsibility to pay Haskell.

The United States Court of Appeals for the Eleventh Circuit has found that when an officer of a corporation actively participates in the infliction of an injury, that officer can be held liable for the injury in such a way that the debt is non-

6

dischargeable in the officer's personal bankruptcy under § 523(a)(6). <u>Ford Motor Credit Co. v. Owens</u>, 807 F.2d 1556, 1559-60 (11th Cir. 1987). Therefore, by alleging that Debtor was both an officer of MSF and an active participant in the injury, the Complaint states a plausible claim that Debtor inflicted the injury.

Finally, the following allegation plausibly establishes that Debtor inflicted the injury willfully and maliciously:

> 7. At the specific instance and direction of [D]ebtor, MSF failed to pay Haskell for the work Graybar performed on the Project, instead converting the payments to [D]ebtor's own use.

(A.P. Dkt. No. 1 ¶ 7.)

While this allegation does not specifically state that Debtor acted willfully, it does state that at the specific instance and direction of Debtor, the act which caused the injury was done. The reasonable inference that can be drawn from that statement is that Debtor's action was an act of will. Furthermore, the paragraph states that Debtor converted the payment to his own use. Again, while the paragraph is not specific about malicious intent, a reasonable inference to draw is that if the allegation is true, the Debtor plausibly acted with malice.

7

In addition, the Complaint alleges that Debtor's conduct may give rise to criminal and civil causes of action under state law. (A.P. Dkt. No. 1 ¶¶ 9, 10.) Pioneer implies that because Debtor's action constitutes prima facie evidence of an attempt to defraud under the state criminal statute, that criminal culpability may be further evidence of willful and malicious intent under § 523(a)(6). (Id. ¶¶ 9, 10, 11.) While these paragraphs alone may fail sufficiently to allege malicious intent, when read in conjunction with paragraph 7, they establish facial plausibility that Debtor's action was malicious and willful. Thus, Pioneer has sufficiently pled all elements of § 523(a)(6).

### ORDER

Accordingly, Debtor's affirmative defense for failure to state a claim upon which relief can be granted is **ORDERED OVERRULED** and **STRICKEN**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 1st day of February, 2013.